STOWERS, CHIEF JUSTICE, concurring. I agree with Part IV.A of the opinion — the Lexapro issue. I have reservations about Part IV.B — the Risperdal issue — because I think Dr. Brown probably provided sufficient information and justification for his contingent plan to use Risperdal if the child’s response to Lexapro (or lack thereof) requires the addition of a mood stabilizer in the future. I think the issue is a close call and reluctantly concur because it is a question upon which reasonable minds may differ. I agree with the opinion that “courts have neither the time nor the expertise to micromanage medical treatment plans that are proposed by qualified medical experts.”[1] I am able to concur with the opinion because the sentence immediately following allows that “[i]t may be in some cases that a medical care provider is able to map out a decision tree with enough specificity that a court can approve it consistent with the Myers test.” [2] In this case, I believe Dr. Brown did this, but again, reasonable minds can differ, and as long as he is not foreclosed entirely from making a treatment plan containing a contingency plan for the future if circumstances warrant, I do not object to giving him another opportunity to do so consistent with the Myers test. . Opinion at 1193. . Id.